UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.: 19-12514

IN RE: COMPLAINT OF
JOHN GOOD AS OWNER OF THE
F/V ALOSA, FOR EXONERATION
FROM OR LIMITATION OF LIABILITY

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Plaintiff, John Good, in the above entitled action, by and through his attorneys, Clinton & Muzyka, P.C., hereby brings this Complaint seeking exoneration from and limitation of liability pursuant to 46 U.S.C. §§30501 *et. seq.* (formerly 46 U.S.C. §§181 *et. seq.*), and in support thereof avers as follows:

JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims.

2. Venue is proper in this District in accordance with Supplemental Rule F(9) of the Supplemental Rules for Admiralty or Maritime Claims, as no suits to date have been commenced against the owner of the F/V ALOSA (O.N. 558858), the Vessel has not been attached or arrested, and the Vessel is within this District.

3. At all times material hereto, the F/V ALOSA (O.N. 558858) was a commercial fishing vessel, engaged in commercial fishing on the east coast of the United States.

## PARTIES

4. Plaintiff, John Good, is an individual who resides in Plymouth, Massachusetts, and at all times material hereto was the registered owner of the F/V ALOSA (O.N. 558858) (hereinafter referred to as "the Vessel").

## THE VOYAGE

5. On or about November 18, 2018, the Vessel departed the dock in Sandwich, Massachusetts in the early morning to engage in commercial fishing in the Atlantic Ocean.

6. On the same date, in the early afternoon, the Vessel returned to the dock at Sandwich, Massachusetts.

7. The relevant voyage therefore began and ended on November 18, 2018 ("the Voyage").

8. Upon the completion of the voyage, and while the Vessel was tied to the dock in Sandwich, Massachusetts a Cindy Hurwitz was unloading the Vessel's catch, and she claims she suffered injuries when she fell from the pier while off-loading crates of fish due to the negligence of the Vessel ("the Casualty").

9. The fair market value of the Vessel and pending freight upon completion of the Voyage is $45,000.00.  *See* Affidavit of Value, Exhibit "A."

## COUNT I: LIMITATION OF LIABILITY

10. At all times material hereto, Plaintiff used due diligence to make the Vessel seaworthy in all respects.  Prior to the commencement of the voyage, the Vessel was tight, staunch, strong, properly manned, equipped and supplied, and in all respects seaworthy for the voyage and service in which she was engaged.

11. The Casualty was not occasioned by, and occurred without, the Plaintiff's privity or knowledge.

12. Plaintiff anticipates that as a result of the casualty, claims will be made against him by Cindy Hurwicz in an amount which exceeds the value of Plaintiff's interest in the Vessel after the casualty, to wit $45,000.00.

13. Upon information and belief, there are no known liens against the Vessel arising during the relevant voyage, nor any claims or demands which are paramount to those which may arise by reason of this casualty.

14. Not admitting, but denying any liability of himself or of said Vessel for any loss, damage and injury occasioned or incurred by reason of the casualty and/or voyage or subsequent damages resulting therefrom, the Plaintiff further claims the benefits of Limitation of Liability provided by 46 U.S.C. §§30501 *et. seq.* of the United States Code and any amendments thereof, and to that end the Plaintiff is now ready, willing and able, and herby offers to give a stipulation or bond with sufficient surety for the value of Plaintiff's interest in the Vessel, as required at the conclusion of the voyage in which the anticipated claims arose, with interest thereon, and security for costs pursuant to Supplemental Admiralty Rule F(1).

15. A claim in an unspecified amount has been made against the Vessel.

16. Plaintiff, as owner of the F/V ALOSA, claims exoneration from liability for any and all losses, damages, injuries or wrongful death caused, done, occasioned, or incurred arising out of the casualty or during the relevant voyage, and for any and all claims therefor.

17. The aforesaid allegations are true and correct, and are brought within the admiralty and maritime jurisdiction of this honorable Court.

WHEREFORE, Plaintiff, John Good, as Owner of the F/V ALOSA respectfully prays that:

1. That the Court cause due appraisement to be made of the amount or value of the Plaintiff's interest in the Vessel and her pending freight at the time of the casualty, if any;

2. That the Court issue an Order directing the Plaintiff to file a stipulation with surety to be approved by the Court for the payment into Court of the amount of the Plaintiff's interest in the said Vessel at the time of the Casualty, or transfer the Plaintiff's interest in the Vessel to a trustee whenever the Court shall so order, or issue an order excusing the Plaintiffs from furnishing a stipulation;

3. That the Court issue an Order directing the issuance of a Monition to all persons claiming damages for any and all loss, injury, damage or destruction done, occasioned or incurred by or resulting from the aforesaid voyage citing them to file with the Clerk of this Court in said Order and make due proof of their respective claims, and also to appear and answer the allegations of this Complaint according to the law and practices of this Court at or before a certain time to be fixed by the Monition;

4. That the Court make and order directing that on the giving of such a stipulation, or transfer of the Plaintiff's interest in the Vessel to a trustee as may be determined to be proper, or the Court making an order excusing the Plaintiff from giving a stipulation, an injunction shall issue, restraining the prosecution of all actions, suits or other proceedings already begun to recover for damages, arising out of or occasioned by or consequent upon the alleged casualty or the voyage, as stated in this Complaint, and the commencement or prosecution hereafter of any suit, action or legal proceeding against the Plaintiff or the Plaintiff's employees, agents, successors, assigns, and legal representatives in respect of any claim or claims arising out of the aforesaid voyage of the Vessel;

5. That the Court in these proceedings will adjudge that the Plaintiff is not liable to any extent for any loss, damage, injury or for any claim whatsoever in any way arising out of or in consequence of the alleged Voyage and/or casualty, or if the Plaintiff shall be adjudged liable, then such liability shall be limited to the amount of his interest in the

Vessel at the end of the Voyage in which she was engaged at the time of the casualty, if any, and that a decree may be entered discharging the Plaintiff from any and all further liability; and

6. That the Plaintiff may have such other or further relief as justice may require.

>Respectfully submitted,
>Plaintiff,
>John Good,
>By his attorneys.
>**CLINTON & MUZYKA, P.C.**
>
>/s/ Thomas J. Muzyka
>**Thomas J. Muzyka**
>**BBO No. 365540**
>**John J. Bromley**
>**BBO No. 672134**
>88 Black Falcon Avenue, Suite 200
>Boston, MA 02210
>(617) 723-9165
>F: (617) 720-3489
>tmuzyka@clinmuzyka.com
>jbromley@clinmuzyka.com
>
>**And**
>
>**REEVES MCEWING, LLP**
>
>Mary E. Reeves, Esquire (#9805-1985)
>Brian McEwing, Esquire (#1161-1985)
>10 Andrews La., P.O. Box 599
>Dorchester, NJ 08316
>(609) 846-4717
>reeves@lawofsea.com
>mcewing@lawofsea.com
>Applying for admission *Pro Hac Vice*.